**Hesham EL–MOSALAMY, Plaintiff-Appellant,**

v.

**KERN MEDICAL CENTER, Defendant-Appellee.**

No. 00–15061.

D.C. No. CV–99–05433–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 22, 2001.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and
RAWLINSON, Circuit Judges.

MEMORANDUM[2]

Hesham El–Mosalamy appeals pro se
the district court's summary judgment in
favor of Kern Medical Center ("Kern") in
El–Mosalamy's action alleging discrimina-
tion in violation of Title VII of the Civil
Rights Act of 1964 ("Title VII"), 42 U.S.C.
§§ 2000e–2000e–17, and the Age Discrimi-
nation in Employment Act ("ADEA"), 29
U.S.C. §§ 621–634. El–Mosalamy alleged
that Kern denied his application for its
medical residency training program on ac-
count of his race, national origin, religion,
and age. We have jurisdiction pursuant to
28 U.S.C. § 1291. We review de novo the
district court's summary judgment, *see
Jesinger v. Nevada Fed. Credit Union,* 24
F.3d 1127, 1130 (9th Cir.1994), and we
affirm.

El–Mosalamy failed to demonstrate
the existence of a genuine issue of material
fact as to whether he was qualified for
Kern's residency program and whether
Kern sought similarly qualified applicants.
Due to El–Mosalamy's lower-than-re-
quired test scores and Kern's uncontro-
verted evidence that it did not seek simi-
larly qualified candidates, on this record,
the district court did not err by granting
summary judgment. *See McDonnell
Douglas Corp. v. Green,* 411 U.S. 792, 802,
93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (ex-
plaining that to prevail on a Title VII claim
of disparate treatment discrimination, the
plaintiff must establish a prima facie case
by showing, among other things, that he is
qualified for the position sought and that
the defendant sought other similarly quali-
fied candidates); *see also Wallis v. J .R.
Simplot Co.,* 26 F.3d 885, 891 (9th Cir.
1994) (explaining similar test to establish
an ADEA prima facie case).

Because El–Mosalamy failed to show that any additional discovery would have precluded summary judgment, the district court did not abuse its discretion by denying his request to permit further discovery. *See Qualls v. Blue Cross of Cal., Inc.,* 22 F.3d 839, 844 (9th Cir.1994) (finding abuse of discretion only where the movant (1) diligently pursued its previous discovery opportunities, and (2) shows how allowing additional discovery would have precluded summary judgment); *see also Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir.1991) ("Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation.").

AFFIRMED.